UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WALTER MITCHELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-015 |
| | ) | CR606-008 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Following his guilty-plea conviction on drug charges in 2006, Walter Mitchell took no appeal. CR606-008, docs. 21 & 22. Over 2600 days later, he moves for 28 U.S.C. § 2255 relief. Doc. 32.[1] He insists that new, "actual innocence" facts and the rationale set forth in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013), enable him to overcome 28 U.S.C. § 2255(f)'s 365-day, statute of limitations period.[2] Doc. 33 at 1-2. Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), his § 2255 motion

---

[1] He signed his motion on February 26, 2014. Doc. 33 at 11.

[2] He does not use the term "equitable tolling" but, construing his *pro se* filings liberally, *Bonilla v. U.S. Dept. of Justice*, 535 F. App'x 891, 893 (11th Cir. 2013), the Court will infer that he raises that doctrine. To equitably toll the limitations period he must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstances precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

must be denied as time-barred.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin*, 133 S. Ct. at 1928. Yet, "tenable actual-innocence gateway pleas are rare. . . ." *Id.* (emphasis added). Mitchell thus must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotes and cite omitted).

Movant comes nowhere close to that. He simply raises a variety of ineffective assistance of counsel claims, reasoning that his lawyer gave him bad advice and that led to a guilty plea that should have never happened. Doc. 33 at 1 (insisting that he is actually innocent "because he was, prior to signing the plea agreement & plea colloquy, represented by incompetent counsel whose misadvice caused him to plead guilty in the first place and waive his right to a jury trial. Thus, he is entitled to file this late 2255 petition and have it heard."). For good measure, he faults his counsel for failing to argue and persuade the sentencing judge to give him a concurrent sentence. *Id.* at 8-10.

Mitchell thus cites only plain vanilla § 2255 claims, *not* actual "new"

evidence of innocence as set forth in *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). And, just as this Court encountered in *Nesbitt v. Danforth*, 2014 WL 61236 at * 2 (S.D. Ga. Jan 7, 2014), this claimant's underlying reasoning is simply absurd. Under it every untimely § 2255 movant could surmount § 2255(f)'s one-year limit by alleging, as Mitchell does, an ineffective counsel claim that he did "not discern" until years later.[3] He would then not only have to prove that ineffective assistance, but also ultimately demonstrate (by way of a presumed trial) that he was "not guilty." That's light years away from showing the actual innocence needed to support *McQuiggin* actual innocence, much less the equitable tolling required to overcome § 2255(f)'s time bar. *See United States v. Farrow*, 2014 WL 794569 at * 2 (W.D. Va. Feb. 27, 2014); *see also Saunders v. United States*, 2014 WL 201880 at * 3 (N.D. Ill. Jan. 17, 2014); *Hall v. United States*, 2014 WL 130446 at * 5 (D.S.C. Jan. 14, 2014); *Lee v. Stewart*, 2013 WL 6512508 at * 5 (S.D. Ala. Dec. 12, 2013).

Accordingly, Walter Mitchell's § 2255 motion (doc. 32) must be

---

[3] Indeed, Mitchell does not even bother to explain why it took him over a half decade to discern and thus present his ineffective assistance claims.

**DENIED**. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 10th day of March, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA